MAGDALINA END AND JOHN L. RAHRER, PLAINTIFFS, v. ADOLPH W. ZOLA, DEFENDANT.

Submitted May term, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the plaintiffs, *Weinberger & Weinberger.*

For the defendant, *Stein, McGlynn & Hannoch.*

PER CURIAM.

The case comes up on rule to show cause why a verdict rendered in the Passaic Circuit for the defendant, and against the plaintiffs, should not be set aside. The plaintiffs are mother and son respectively, the latter being the owner and driver of an automobile in which the former was sitting asleep on the back seat at the time of a collision with an automobile driven by the defendant. The plaintiffs argue two points: the first being that the verdicts were clearly contrary to the weight of the evidence, and the second being that the court erred in charging the jury.

The portions of the charge to which plaintiffs object had to do with the relationship of master and servant as between the mother and son and the liability of the mother, if such relationship existed, to be charged with any negligence of which the son may have been guilty. The respondent declines

to argue that point and contents himself by stating that it deals "with questions of law which should only be considered in connection with an appeal rather than a rule to show cause." The rule as granted was without reservations of exceptions, and we disagree with the contention that the question of error in law is not properly raised on the rule.

A portion of the charge argued by the appellants to be objectionable is as follows:

"Now, as to the mother. She was riding, as I recall the testimony, in the rear of the car, and asleep at the time. The son, as I recall it, says that at the request of the mother he had taken her to meet some friend in Newark and was bringing her back. He was, of course, not a public taxi cab driver, but nevertheless, if the mother requested him to take her to Newark on this occasion and bring her back, then he became her agent or servant in the law, and if he were guilty of contributory negligence on that occasion, then his negligence would be attributable to his mother, which would make her responsible for any contributory negligence on his part * * *."

The plaintiff John L. Rahrer was the sole owner of the automobile. There is no evidence that he was subject to the command or control of his mother. The mother wished to make a call upon friends and asked her son to take her. A part of the evidence is that given by the son. "Q. You did it for your mother, of course? A. Well, she wanted to visit this party and she wanted me to go; well, all right, I went with her." There is no suggestion that the mother selected the route or participated, either by act or suggestion, in the control or management of the car.

In the case of *Tronto* v. *Reo Motor Co.* (*Court of Errors and Appeals*), 92 *N. J. L.* 595, a part of the facts are thus stated: "The reason upon which this contention [viz., control of the car by plaintiff's decedent] is based is that the deceased, desirous of visiting a friend at Plainfield, induced his brother, the owner of the car, to drive him there, and while driving on West Front street, near Grant avenue, in that city, collided with defendant's truck driven at a high rate of speed."

The opinion holds that whether or not these facts did or did not indicate such a control of the car as to give rise to the principle of contributory negligence is properly left to the jury. We think that in the instant case it should have been left to the jury to determine whether the relationship of master and servant had been established, that the mere request by the mother of the son was not enough to cause that relationship to arise as a matter of law. We consider that the language of the charge in that respect was in error and that such error was harmful to the appellant, Magdalina End. We find that the appellant John L. Rahrer was not harmed by that error and further that the verdict of the jury as to him was not so clearly contrary to the weight of the evidence as to warrant the setting aside of the verdict against him.

The rule will be discharged as to John L. Rahrer and made absolute as to Magdalina End.